# EXHIBIT "C"

Exhibit C
Page 9

Tuvia Korobkin, Esq. # 268066
tuvia@abramsonlabor.com
Rijenea Appling, Esq. # 346329
rijenea@abramsonlabor.com
**ABRAMSON LABOR GROUP**
11846 Ventura Boulevard, Suite 100
Studio City, California 91604
Tel:   (213) 493-6300
Fax:   (213) 723-2522

Attorneys for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 20 2023

BY _____
            DEPUTY
Priscilla Saldaña

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

LISA CHILDRESS, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

FORD MOTOR COMPANY; and DOES 1 through 100, Inclusive,

Defendants.

Case No. CIV SB 2316694

**CLASS ACTION COMPLAINT FOR:**

(1) **MINIMUM WAGE VIOLATIONS (LABOR CODE §§ 204, 558, 1182.12, 1194, 1194.2, 1197, 1198);**

(2) **MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, 1198);**

(3) **REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, 1198)**

(4) **WAGE STATEMENT VIOLATIONS (LABOR CODE § 226, *et seq.*);**

(5) **WAITING TIME PENALTIES (LABOR CODE §§ 201-203);**

(6) **FAILURE TO REIMBURSE BUSINESS EXPENSES (LABOR CODE §§ 2802, 2804);**

(7) **UNFAIR COMPETITION (BUS. & PROF. CODE § 17200, *et seq.*).**

**DEMAND FOR JURY TRIAL**
**UNLIMITED CIVIL CASE**

1
Class Action Complaint

Exhibit C
Page 10

1 | Plaintiff Lisa Childress ("Plaintiff"), on behalf of herself and all others similarly situated, hereby bring this Class Action Complaint against Ford Motor Company; and Does 1 through 100, inclusive (collectively, "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1. Plaintiff, on behalf of herself and all others similarly situated, hereby bring this class action for recovery of unpaid wages and penalties under California Business and Professions Code section 17200, *et. seq.*; Labor Code sections 201-204, 226, 226.7, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2802, and 2804; and Industrial Welfare Commission Wage Order No. 1 ("Wage Order 1"), in addition to seeking declaratory relief and restitution. This class action is brought pursuant to California Code of Civil Procedure section 382. This Court has jurisdiction over Defendants' violations of the California Labor Code because the amount in controversy exceeds this Court's jurisdictional minimum.

## VENUE

2. Venue is proper in this judicial district pursuant to California Code of Civil Procedure §§ 395(a) and 395.5, as at least some of the acts and omissions complained of herein occurred in San Bernardino County. Defendants own, maintain offices, transact business, have an agent or agents within San Bernardino County, and/or otherwise are found within San Bernardino County, and Defendants are within the jurisdiction of this Court for purposes of service of process.

## PARTIES

3. Plaintiff is an individual over the age of eighteen (18). At all relevant times herein, Plaintiff was, and currently is, a California resident. During the four years immediately preceding the filing of this action and within the statute of limitations periods applicable to each cause of action pled herein, Plaintiff was employed by Defendants as a non-exempt employee. Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed by California Labor Code §§ 201-204, 226, 226.7, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2802, 2804; California Business & Professions Code § 17200, *et seq.* (Unfair Competition), and Wage Order 1, which sets employment standards for employees in the manufacturing industry.

4. Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of this lawsuit and continuing to the present, Defendants did (and do) business as an automobile manufacturer, and that they employed Plaintiff and other similarly situated non-exempt employees within San Bernardino County and the state of California.

5. Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 through 100, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and believes, and thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes (as defined in Paragraph 18) to be subject to the unlawful employment practices, wrongs, injuries, and damages complained of herein.

6. Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, Defendants were and are the employers of Plaintiff and all Class members.

7. At all times herein mentioned, each of said Defendants participated in the acts herein alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each of the acts or omissions alleged herein.

8. At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all Class Members (as defined in Paragraph 18).

**GENERAL FACTUAL ALLEGATIONS**

9. Plaintiff worked for Defendants as a non-exempt employee in California from approximately May 2019 to approximately April 17, 2023.

10. During Plaintiff's employment with Defendants, Defendants failed to keep accurate records of all hours worked. Specifically, Defendants did not require Plaintiff and other non-exempt employees to clock in and out at the beginning and end of their shifts, and did not otherwise keep accurate records of actual hours worked. This resulted in Plaintiff not being paid for all hours worked, as Defendants did not track her actual hours worked and simply paid her for her scheduled hours or other estimates of her time worked. Indeed, Plaintiff often worked before her scheduled start time and/or after her scheduled end time, but Defendants failed to compensate Plaintiff for all of this additional time. As a result of these policies/practices, Defendants failed to keep accurate time keeping records and failed to compensate Plaintiff and other non-exempt at least the minimum wage for all hours worked.

11. Defendants have also failed to provide Plaintiff and other non-exempt employees with all statutorily mandated meal periods due to Defendant's meal period policies/practices. Specifically, the workload placed on Plaintiff and other non-exempt employees often made it impracticable to take a 30-minute off-duty meal period prior to the end of the fifth hour of work, and as a result Plaintiff's and other non-exempt employees' meal periods were often short (less than 30 minutes), late (commencing after five hours of work), or missed. In those instances that Defendants failed to provide Plaintiff and other non-exempt employees with a legally compliant meal period, Defendants failed to pay the meal period premiums required by Labor Code § 226.7. Upon information and belief, during at least a portion of the putative class period, Defendants maintained no payroll code or other mechanism for paying meal period premiums when Defendants failed to provide a legally compliant meal period.

12. Defendants have also failed to authorize and permit rest periods to Plaintiff and other non-exempt employees. Specifically, Plaintiff and other non-exempt employees were frequently unable to take a net 10-minute rest period for each 4 hours worked or major fraction thereof, as a result of the workload imposed by Defendants. In those instances that Defendants failed to authorize and permit Plaintiff and other non-exempt employees to take a legally compliant rest period, Defendants failed to pay the rest period premiums required by Labor Code § 226.7. Upon information and belief, during at least a portion of the putative class period,

1    Defendants maintained no payroll code or other mechanism for paying rest period premiums
2    when Defendants failed to authorize and permit a legally compliant rest period.

3          13.    Defendants also failed to reimburse Plaintiff and other employees for expenses they incurred in the course of their employment, including expenses incurred in using personal cell phones for work purposes. Specifically, Defendants required Plaintiff and other employees to use her personal cell phone for communications with supervisors and other work-related purposes. Despite requiring Plaintiff and other employees to use their personal cell phones for work-related purposes, Defendants failed to accurately reimburse them for a portion of their monthly cell phone bill. Although Defendants paid Plaintiff a lump sum "PERS EQUIPMENT STIPEND" which on information and belief was for work-related expenses, Defendants caused taxes to be deducted from the reimbursement. This resulted in Plaintiff and other employees not receiving full reimbursement for such expenses. As a result of the foregoing, Plaintiff and other employees are entitled to reimbursement pursuant to Labor Code § 2802 and *Cochran v. Schwan's Home Service, Inc.*, 228 Cal.App.4th 1137 (2014).

15          14.    In addition, and as discussed above, Defendants caused unlawful deductions to be taken from Plaintiff's and other employees' wages. Specifically, even though reimbursements are not taxable, Defendants caused those payments to be taxed as if they were taxable wages rather than reimbursements. As a result, Defendants caused unlawful deductions to be taken from Plaintiff's and other employees' wages. For example, in the pay period of December 12-18, 2022, Defendants paid Plaintiff a "PERS EQUIP STIPEND" of $430, deducted $78.89 in taxes and direct deposited $351.11 to Plaintiff's bank account.

22          15.    As a result of Defendants' failure to pay all minimum wages, as well as Defendants' failure to pay meal and rest period premium wages, Defendants failed to pay all wages to Plaintiff and other formerly employed non-exempt employees at the separation of their employment.

26          16.    As a further result of Defendants' failure to pay all minimum wages, as well as Defendants' failure to pay meal and rest period premium wages, Defendants maintained inaccurate payroll records, and issued inaccurate wage statements to Plaintiff.

17. The wage statements issued to Plaintiff and other non-exempt employees are also facially deficient, in that the wage statements fail to accurately reflect the total hours worked in violation of Labor Code 226(a)(2). Specifically, the wage statements issued by Defendants include line items for "STRAIGHT TIME," "OVERTIME PREM," and "SHIFT PREMIUM" and/or other entries with a corresponding number of hours worked. However, the wage statements fail to contain a separate line item for total hours worked, resulting in confusion as to how many hours the employee actually worked during the pay period, and/or whether the overtime premium and shift premium hours are separate and distinct from the straight time hours worked. For example, Plaintiff's wage statement for the pay period of November 7-13, 2022 states that Plaintiff worked 40 hours of "straight time," 16 hours of "overtime prem," and 2.80 hours of "shift premium." It is impossible to determine from the wage statement alone whether Plaintiff worked 58.8 total hours (i.e., 40 + 16 + 2.80), just 56.0 total hours (i.e., 40 + 16), just 40 hours, or some other number of hours, during the pay period. This is particularly confusing since when dividing the amounts paid for "overtime prem" and "shift premium" by the number of reported "hours," the quotient is 24.40, which was Plaintiff's *base* rate of pay during that pay period. Thus, when dividing the amount paid by the reported hours worked, each line item ("straight time," "overtime prem," and "shift premium") results in the same rate of pay, i.e., $24.40. As a result, the wage statements issued by Defendants were facially deficient, in violation of Labor Code § 226(a)(2), for failing to include an accurate accounting of the total hours worked, and Labor Code § 226(a)(9), for failing to include accurate accounting of all applicable hourly rates in effect during the pay period.

**CLASS ACTION ALLEGATIONS**

18. Class Definitions: Plaintiff bring this action on behalf of herself and the following Classes pursuant to Section 382 of the Code of Civil Procedure:

    a. The <u>Minimum Wage Class</u> consists of all of the Defendants' current and former non-exempt employees in California who were subject to Defendants' timekeeping practices, at any time from four years immediately prior to the filing of this action through the present.

    b.    The <u>Meal Period Class</u> consists of all of the Defendants' current and former non-exempt employees in California who worked at least one shift in excess of 5.0 hours, at any time from four years immediately preceding the filing of this action through the present.

    c.    The <u>Rest Period Class</u> consists of all of the Defendants' current and former non-exempt employees in California who worked at least one shift of 3.5 hours or more, at any time from four years immediately preceding the filing of this action through the present.

    d.    The <u>Wage Statement Class</u> consists of (a) all members of the Minimum Wage Class, Meal Period Class, and/or Rest Period Class who received a wage statement during the one year immediately preceding the filing of this lawsuit through the present; and (b) all of the Defendants' non-exempt employees who received at least one wage statement that contained any listing of "Hours" other than straight time hours, at any time from one year prior to the filing of this action through the present.

    e.    The <u>Waiting Time Class</u> consists of all members of the Minimum Wage Class, Meal Period Class, and/or Rest Period Class, who are no longer employed by Defendants and whose employment with Defendants ended at any time from three years immediately preceding the filing of this lawsuit through the present.

    f.    The <u>Expense Reimbursement Class</u> consists of all of the Defendants' non-exempt employees in California who were required to use their personal property, including but not limited to cellular phones, for work-related purposes, at any time from four years prior to the filing of this action through the present.

19.    **Numerosity/Ascertainability:** The members of the Classes are so numerous that joinder of all members would be unfeasible and impracticable. The membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the Classes number greater than fifty (50) individuals in each Class. The identity of such membership is readily ascertainable via Defendants' employment records.

20.    **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly

situated employees, which predominate over questions affecting only individual members including, without limitation, to:

      i. Whether Defendants paid at least the minimum wage for all hours worked to members of the Minimum Wage Class;

      ii. Whether Defendants provided legally compliant meal periods to members of the Meal Period Class;

      iii. Whether Defendants authorized and permitted legally compliant rest periods to members of the Rest Period Class;

      iv. Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code § 226;

      v. Whether Defendants paid all wages due to members of the Waiting Time Class at the time of separation of employment; and

      vi. Whether Defendants properly reimbursed expenses incurred by members of the Expense Reimbursement Class.

21. **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' timekeeping, wage statement, meal period, rest period, expense reimbursement, and final wage policies/practices. As such, the common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

22. **Typicality:** Plaintiff's claims are typical of the claims of the Classes because Plaintiff was employed by Defendants as a non-exempt employee in California during the statute(s) of limitation applicable to each cause of action pled in the Complaint in this action. As alleged herein, Plaintiff, like the members of the Classes, was deprived of all earned minimum wages, was subject to Defendants' uniform meal and rest period policies/practices, was furnished with inaccurate wage statements, was deprived of all final wages upon her separation of

1 employment from Defendants, had unlawful deductions taken from her wages, and was not reimbursed for all expenses she incurred in carrying out her job duties for Defendants.

23. **Adequacy of Representation:** Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent the members of the Classes and Plaintiff. Plaintiff's attorneys have prosecuted numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

24. **Superiority:** The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and Class members make the class action format an efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would gain an unfair advantage, as they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Classes to pursue an individual remedy would discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by individual Class members would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants; and which would establish potentially incompatible standards of conduct for Defendants. Further, the claims of the individual Class members are not large enough to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. Thus, the Classes identified herein are maintainable under Code of Civil Procedure Section 382.

# FIRST CAUSE OF ACTION

## MINIMUM WAGE VIOLATIONS

## (AGAINST ALL DEFENDANTS)

25. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

26. Wage Order 1, § 4 and Labor Code §§ 1197 and 1182.12 establish employees' right to be paid minimum wages for all hours worked in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees, costs of suit, liquidated damages in an amount equal to the unpaid wages, and interest.

27. At all relevant times, Defendants failed to conform their pay practices to the requirements of the law by failing to pay Plaintiff and the Minimum Wage Class for all hours actually worked including, but not limited to, all hours they were subject to Defendants' control and/or suffered or permitted to work under the Labor Code and Wage Order 1.

28. California Labor Code § 1198 makes unlawful the employment of an employee under conditions that the IWC prohibits. California Labor Code §§ 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

29. As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiff and the Minimum Wage Class have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendants' violations of the California Labor Code and Wage Order 1.

30. Defendants' practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiff and the Minimum Wage Class in a civil action for the unpaid amount of minimum wages, liquidated damages, interest thereon, statutory penalties, and attorneys' fees and costs of suit, per Labor Code §§ 204, 218.6, 558, 1194, 1194.2, 1197, 1198, and Code of Civil Procedure § 1021.5.

## SECOND CAUSE OF ACTION

## MEAL PERIOD VIOLATIONS

## (AGAINST ALL DEFENDANTS)

31. Plaintiff re-alleges and incorporate by reference all previous paragraphs.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to provide all their hourly non-exempt employees, including Plaintiff and members of the Meal Period Class, with all required meal periods in accordance with the mandates of the California Labor Code and Wage Order 1, for the reasons set forth in this Complaint.

33. As a result, Defendants owe premium compensation for meal period violations, including interest thereon, statutory penalties, and costs of suit, pursuant to Wage Order 1, Labor Code §§ 226.7 and 512, Civil Code § 3287, and Art. XV, § 1 of the California Constitution.

## THIRD CAUSE OF ACTION

## REST PERIOD VIOLATIONS

## (AGAINST ALL DEFENDANTS)

34. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

35. Labor Code §§ 226.7 and 516, and Wage Order 1, § 12 establish the right of employees to be authorized and permitted a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

36. As alleged herein, Defendants have failed to authorize and permit Plaintiff and Rest Period Class members to take their legally entitled rest periods. Defendants have also failed to compensate Plaintiff and Rest Period Class members with a rest period premium for each rest period to which they were entitled while working.

37. The foregoing violations create an entitlement to recovery by Plaintiff and Rest Period Class members in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, civil penalties, and costs of suit according to Labor Code §§ 226.7, 516, 558; Code of Civil Procedure § 1021.5; Civil Code § 3287; and Art. XV, § 1 of the California Constitution.

# FOURTH CAUSE OF ACTION
## WAGE STATEMENT VIOLATIONS
### (AGAINST ALL DEFENDANTS)

38. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

39. Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of policy and practice, failed to furnish Plaintiff and the Wage Statement Class with accurate itemized wage statements that included, among other requirements, total hours worked, all hourly rates in effect during the pay period, all wages earned, as well as all meal and rest period premium wages earned, in violation of Labor Code § 226.

40. Defendants' failure to furnish Plaintiff and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in injury, as said failures led to, among other things, the non-payment of all their minimum wages and meal and rest period premium wages, and deprived them of the information necessary to identify and reconcile the discrepancies in Defendants' reported data.

41. Defendants' failures create an entitlement to recovery by Plaintiff and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226, including statutory penalties, civil penalties, and reasonable attorneys' fees and costs of suit, pursuant to Labor Code §§ 226 and 226.3.

# FIFTH CAUSE OF ACTION
## WAITING TIME PENALTIES
### (AGAINST ALL DEFENDANTS)

42. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

43. This cause of action is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of separation of employment in the event the employer discharges the employee, or the employee provides at least 72 hours of notice of their intent to quit. In the event the employee provides less than 72 hours of notice of their intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

44. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to timely pay Plaintiff and members of the Waiting Time Class all final wages due to them at their separation from employment, including (but not limited to) unpaid minimum wages and unpaid meal and rest period premium wages.

45. Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay Plaintiff and members of the Waiting Time Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.

46. Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203. Defendants' willful failure to timely pay Plaintiff and the members of the Waiting Time Class their earned wages upon separation from employment results in a continued payment of daily wages up to thirty days from the time the wages were due. Plaintiff and members of the Waiting Time Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION

## FAILURE TO REIMBURSE BUSINESS EXPENSES

## (AGAINST ALL DEFENDANTS)

47. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

48. At all relevant times, Defendants were subject to Labor Code § 2802, which states that "an employer shall indemnify his or her employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer."

49. At all relevant times, Defendants were subject to Labor Code § 2804, which states, "any contract or agreement, express or implied, made by any employee to waive the benefits of this article or any part thereof, is null and void, and this article shall not deprive any employee or his personal representative of any right or remedy to which he is entitled under the laws of this State."

///

50. Due to Defendants' unlawful policy and practice of requiring employees to use their personal property, including but not limited to personal cell phones, for work purposes, and their failure to reimburse Plaintiff and members of the Expense Reimbursement Class, Defendants have violated Labor Code § 2802.

51. As a proximate result of Defendants' policies and/or practices in violation of Labor Code §§ 2802 and 2804, Plaintiff and members of the Expense Reimbursement Class suffered damages in sums, which will be shown according to proof.

52. Plaintiff and members of the Expense Reimbursement Class are entitled to attorneys' fees and costs of suit pursuant to Labor Code § 2802(c) for bringing this action.

53. Pursuant to Labor Code § 2802(b), any action brought for the reimbursement of necessary expenditures carries interest at the same rate as judgments in civil actions. Thus, Plaintiff and members of the Expense Reimbursement Class are entitled to interest, which shall accrue from the date on which they incurred the initial necessary expenditure.

## SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION

## (AGAINST ALL DEFENDANTS)

54. Plaintiff re-alleges and incorporates by reference all previous paragraphs.

55. Defendants have engaged, and continue to engage, in unfair and/or unlawful business practices in violation of Business & Professions Code § 17200, *et seq.*, by failing to pay Plaintiff and the Classes all minimum wages due, failing to provide meal periods or pay meal period premium wages, failure to authorize and permit rest periods or pay rest period premium wages, failing to furnish accurate and complete itemized wage statements, failing to reimburse business expenses, and failing to pay all earned wages at separation of employment.

56. Defendants' utilization of these unfair and/or unlawful business practices has deprived Plaintiff and members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

57. Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for herself, and on behalf of the members of the Classes, seeks full restitution of monies as necessary and according to proof, to restore all monies withheld, acquired, and/or converted by Defendants pursuant to Business & Professions Code §§ 17203 and 17208.

58. The acts complained of herein occurred within the four years immediately preceding the filing of this action.

59. Plaintiff was compelled to retain the services of counsel to file this court action to protect her interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which she is entitled to recover under Code of Civil Procedure § 1021.5.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment for herself and for all others on whose behalf this suit is brought against Defendants, as follows:

1. For an order certifying the proposed Classes;

2. For an order appointing Plaintiff as representative of the Classes;

3. For an order appointing counsel for Plaintiff as counsel for the Classes;

4. Upon the First Cause of Action, for payment of minimum wages, liquidated damages, and penalties according to proof pursuant to Labor Code §§ 1182.12, 1194, 1194.2, 1197, and 1198;

5. Upon the Second Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 1198;

6. Upon the Third Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 1198;

7. Upon the Fourth Cause of Action, for statutory penalties pursuant to Labor Code § 226, *et seq.*;

8. Upon the Fifth Cause of Action, for statutory waiting time penalties pursuant to Labor Code §§ 201-203;

9. Upon the Sixth Cause of Action, for compensatory, consequential, general, and special damages according to proof pursuant to Labor Code §§ 2802 and 2804;

10. Upon the Seventh Cause of Action, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Bus. & Prof. Code § 17200, *et seq.*;

11. Prejudgment interest on all due and unpaid wages and other damages pursuant to Cal. Labor Code §§ 218.6, 1194(a), 1194.2(a), and 2802(b); Civil Code § 3287; and Art. XV, § 1 of the California Constitution;

12. On all causes of action, for attorneys' fees and costs as provided by Labor Code §§ 226(e), 1194 *et seq.*, 2802(c), and Code of Civil Procedure § 1021.5; and

13. For such other and further relief the Court may deem just and proper.

Date: July 20, 2023

Respectfully submitted,
ABRAMSON LABOR GROUP

By: _____
Tuvia Korobkin
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated: July 20, 2023

Respectfully submitted,
ABRAMSON LABOR GROUP

By: _____
Tuvia Korobkin
Attorney for Plaintiff